# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD M. BIRD,

    Plaintiff,

  vs.

JENNIFER GUARINO,

    Defendant.

_____/

No. 2:17-cv-0554-MCE-CMK

FINDINGS AND RECOMMENDATION

Plaintiff, proceeding pro se, brings this civil action. Pending[1] before the court is defendant's motion to dismiss (Doc. 4). Plaintiff filed an opposition to the motion, and defendant filed a reply. A hearing on the motion to dismiss was held on August 9, 2017, before the undersigned in Redding, California. Plaintiff appeared pro se; Attorney Kara L. DiBiasio appeared on behalf of defendants.

/ / /

---

[1] Defendant filed the motion to dismiss prior to the court screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), prior to the issuance of a summons, and prior to proper service of the complaint. To the extent the defendant moves to dismiss the action based on failure to effect proper service of process, that basis is moot based on the findings herein.

1

## I. BACKGROUND

Plaintiff filed this action against the manager of a Home Depot store alleging discrimination. The complaint does not clearly set forth the facts or the basis for this action. In the complaint, plaintiff sets forth the following as to his claim:

> This complaint is filed against the Home Depot Manager, Jennifer Guarino, located in Red Bluff, Tehama County, California. The Defendant has failed to honor the letter request from the Plaintiff (Exhibit A). These are the facts. There is nothing stated in the complaint that is alleged. The Plaintiff has been a customer of this Home Depot since it opened in 2004. The Plaintiff is not aware when the store policy began denying the Plaintiff the 10% discount. The Plaintiff on many occasions was denied the Military discount because the store policy stated that the Veterans card must state the words "service connected." The Plaintiff was stunned to learn, no one could or would explain what the term "service connected" meant.
> Depending on which cashier that waited on me, the Plaintiff learned, some stated they could be fired if the manager learned a discount was given without the words "service connected" on the Veterans card. The laws and codes on discrimination are very specific and clear.

(Compl., Doc. 1, at 1).

The complaint provides no facts and very limited information as to what happened to plaintiff. However, based on the complaint, additional filings and arguments at the hearing, it appears that plaintiff has a veteran's card but not one indicating "service connected," and he has been denied the military discount on an inconsistent basis. He claims he is often denied the discount at the Home Depot in Red Bluff, but is often granted the discount at other Home Depot stores.

## II. MOTIONS TO DISMISS

Defendant brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff fails to state a claim. In opposition to the motion, plaintiff argues he has alleged sufficient facts to state a claim.

### A. STANDARDS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The

court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**B. DISCUSSION**

1. Motion

Defendants argue the court should dismiss this action for failure to state a claim, as plaintiff's complaint does not plead a single cause of action. Plaintiff alleges discrimination and violations of the Declaration of Independence, the Constitution and his civil rights, but fails to plead sufficient facts to state a claim.

a. Declaration of Independence

Plaintiff alleges this action involves his rights under the Declaration of Independence. While he is not explicit as to what rights he is entitled to under the Declaration of Independence, and how those rights were violated, he does attach a copy of the Declaration of Independence. As such, it appears that he is alleging he has a right under the Declaration of Independence to the pursuit of happiness, and he states he is not happy. However, as the defendant argues in her motion, the Declaration of Independence does not provide a private right of action. See Troxel v. Granville, 530 U.S. 57, 91 (2000) (Scalia, J., dissenting). Therefore, any

claim that his right to the pursuit of happiness under the Declaration of Independence was violated must be dismissed.

b. Federal Rights

Next, plaintiff appears to allege his Federal Constitutional and Civil Rights have been violated, but again he fails to specify what rights and how they were violated. He alleges he was discriminated against, but does not allege under what provision of the law he was protected or how the actions of the defendant violated that protection.

The Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq*., protects people from discrimination in education, employment, housing, government benefits and services, healthcare services, land use and zoning, lending and credit, public accommodations, transportation, and voting on the basis of age, disability, ethnicity, gender, marital status, national origin, race, religion and sexual orientation. Here, plaintiff fails to allege he was discriminated against based on his membership in one of the protected classes, nor that he was discriminated against in any of the protected settings. Rather, he alleges Home Depot, a non-governmental business entity, has an in store policy to provide a discount to service related veterans which has been inconsistently applied. There are simply no facts alleged in the complaint, nor does there appear to be any facts which could be alleged, on which the plaintiff can base a discrimination claim.

To the extent plaintiff is claiming discrimination based on his status as a veteran, the defendant allows that there are laws protecting veterans. However, both the Vietnam Era Veterans' Readjustment Assistance Act of 1974 and the Unformed Services Employment and Reemployment Rights Act apply only to employment discrimination. Plaintiff does not allege he was discriminated against in his employment.

Therefore, the complaint fails to state a claim for discrimination under the Civil Rights Act of 1964, and any such claim should be dismissed.

c. States Rights

Finally, plaintiff argued at the hearing that the Unruh Act applies to this action,

and he is protected from discrimination in business services.

The Unruh Civil Rights Act, California Civil Code Section 51, states: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." The Unruh Act aims to eliminate discriminatory practices in business establishments.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (citations omitted). Federal courts have jurisdiction to hear cases involving federal questions and cases between citizens of different states. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1332 provides, in relevant part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States . . . ." Only where there is a valid federal claim will the federal court exercise jurisdiction over a state law claim. See Hunter v. United Van Lines, 746 F.3d 635, 649 (9th Cir. 1984). As there is no well plead federal claim in this case, the court should not exercise supplemental jurisdiction over the state law claim, to the extent one may be sufficiently plead in this case.

Even if this court was to exercise jurisdiction over this state law claim, plaintiff's allegations fail to establish discrimination under the Unruh Act as he again fails to allege that he is a member of a protected class. As stated above, the Unruh Act protects against discrimination in businesses practices based on sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation. There is no

indication in the Act that veterans are a protected class, nor has the plaintiff pointed the court to any case law to suggest as much.

As there are no valid federal claims stated in the complaint, the court should decline supplemental jurisdiction over any state law claim. Even if the court were to exercise jurisdiction over any claim under the Unruh Act, plaintiff fails to state a claim as he is not a member of a protected class. Any such claim should be dismissed.

### IV. CONCLUSION

Based on the facts alleged, and the discussion above, plaintiff's complaint fails to state a claim, and it is clear that no amendment can cure the defects.

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion to dismiss (Doc. 4) be granted;
2. Plaintiff's complaint be dismissed without leave to amend; and
3. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2017

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE